UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY L. BROCK,

               Petitioner,               Case No. 2:20-cv-12085
                                                                     Hon. Mark A. Goldsmith

v.

JONATHAN HEMINGWAY,

               Respondent.
_____/

## OPINION & ORDER
## DENYING PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner Tony L. Brock, confined at the Federal Correctional Institution in Milan, Michigan, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In 2014, Petitioner pled guilty in the United States District Court for the Central District of Illinois to possession with intent to distribute heroin and conspiracy. See United States v. Brock, C.D. Ill. No. 13-20058, Dkt. 34 (C.D. Ill. July 24, 2014). He was sentenced under the advisory guidelines as a career offender to 180 months. Id. Petitioner argues that under Mathis v. United States, 136 S. Ct. 2243 (2016), his plea was invalid because he is "actually innocent" of being a career offender under 18 U.S.C.S. § 924(e). The petition is denied because Petitioner has failed to show that his remedy under 28 U.S.C. § 2255 is unavailable or inadequate.

### I. BACKGROUND

Petitioner did not pursue a direct appeal from his conviction. Instead, on June 6, 2016, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, raising the same claim he presents in this action. See Brock v. United States, C.D. Ill. Case No. 16-2158, Dkt. 1. On November 4, 2016, the court dismissed Petitioner's motion without prejudice.

Brock, C.D. Ill. Case No. 16-2158, Dkt. 8. The court found that the motion was prematurely filed in light of the fact that the Supreme Court granted certiorari in Beckles v. United States, 136 S. Ct. 2510 (2016), to decide whether the advisory guidelines under which Petitioner was sentenced were subject to vagueness challenges under the Due Process Clause. Brock, C.D. Ill. Case No. 16-2158, Dkt. 8, PageID.8.

Petitioner then filed his first § 2241 petition with this Court, and it was dismissed because Petitioner had not yet attempted to refile his § 2255 motion. See Brock v. Terris, E.D. Mich. No. 19-13093, Dkt. 3.

Petitioner refiled his § 2255 motion in his criminal case on July 27, 2020. See United States v. Brock, C.D. Ill. No. 13-20058, Dkt. 66. Petitioner filed a pro se motion to supplement that motion, Brock, C.D. Ill. No. 13-20058, Dkt. 70, at which point the court appointed counsel to represent Petitioner, struck the supplemental motion, and directed that any future communication with the Court be made through counsel. Brock, C.D. Ill. No. 13-20058, 8/31/2020 Text Order. Motion practice in that case is ongoing.

## II. DISCUSSION

Apart from direct appellate review, the primary mechanism for challenging the legality of a federal sentence is a motion to vacate, set aside, or correct the sentence under § 2255. United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001). The Court of Appeals for the Sixth Circuit affirmed this principle in Hill v. Masters, 836 F.3d 591 (6th Cir. 2016), where it explained that "[a] challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus petition pursuant to § 2255, while a petition concerning the manner or execution of a sentence is appropriate under § 2241." Id. at 594.

Petitioner is challenging the length of his federal sentence, as opposed to the execution or manner in which he is serving his sentence. Therefore, he may proceed under § 2241 only if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e). "'[T]he circumstances in which § 2255 is inadequate and ineffective are narrow.'" Hill, 836 F.3d at 594 (quoting Peterman, 249 F.3d at 461).

In Hill, the Sixth Circuit held that in limited circumstances a federal prisoner may invoke the savings clause of § 2255 to challenge the misapplication of a sentence enhancement. See Hill, 836 F.3d at 598-599. The prisoner must show that (i) he was sentenced under the mandatory guidelines regime pre-United States v. Booker, 543 U.S. 220 (2005); (ii) he is foreclosed from filing a successive petition under § 2255; and (3) a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement. Id. at 599-600.

Petitioner fails to satisfy either of the first of these two conditions, rendering consideration of the third unnecessary. First, Petitioner was sentenced in 2014, after the Supreme Court issued its decision in Booker. Second, Petitioner's first § 2255 petition was dismissed without prejudice, and his second § 2255 petition is the subject of ongoing litigation. Petitioner, therefore, has not demonstrated that he is foreclosed from filing a § 2255 petition. Because Petitioner has failed to satisfy at least two of the three conditions set forth in Hill, he may not maintain this action under § 2241.

Finally, Petitioner is not required to apply for a certificate of appealability if he attempts to appeal this decision because "the statutory language imposing the certificate-of-appealability requirement clearly does not extend to cases where . . . detention arose out of federal process but the proceeding is not under § 2255." Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004).

He is denied leave to appeal this decision in forma pauperis because an appeal would lack merit and could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

### III. CONCLUSION

For the reasons given above, the Court denies the petition for writ of habeas corpus.

SO ORDERED.

Dated: April 15, 2021  s/Mark A. Goldsmith
    Detroit, Michigan  MARK A. GOLDSMITH
       United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 15, 2021.

       s/Karri Sandusky
       Case Manager